UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GABRIEL SANTACRUZ,<br><br>    Plaintiff,<br><br>    v.<br><br>CHARLES DANIELS *et al.*,<br><br>    Defendants. | Case No. 2:23-cv-0258-APG-BNW<br><br>**ORDER APPOINTING COUNSEL** |

Before the Court is Plaintiff's Motion for Appointment of Counsel (ECF No. 16). For the reasons stated below, Plaintiff's motion for appointment of counsel is granted.

**I.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

On February 17, 2023, Plaintiff commenced this case by filing an application to proceed in forma pauperis (ECF No. 2) and a complaint (ECF No. 4). Plaintiff also filed a motion for appointment of counsel (ECF No. 16).

Plaintiff's claims arise due to an alleged failure to provide medical treatment while incarcerated at Nevada Department of Corrections ("NDOC"). Two claims have survived screening: a claim for of deliberate indifference to a serious medical need and a claim under the equal protection clause.

**II.   PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). *See also Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1104 (9th Cir. 2004)

(allowing court appointment of an attorney to represent a plaintiff in a civil action when exceptional circumstances exist). "When determining whether 'exceptional circumstances' exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved…. Neither of these considerations is dispositive and instead must be viewed together." *Palmer*, 560 F.3d at 970.

First, the Court notes that two of Plaintiff's claims have survived screening. Next, it does not appear Plaintiff will be able to articulate his claims *pro se* in light of the complexity of the legal issues involved for two reasons: (1) medical indifference claims are by nature complex and, (2) Plaintiff asserts he suffers from schizophrenia, largely impeding his ability to concentrate.

Finally, in district courts, the appointment of counsel for persons financially unable to obtain representation in criminal cases is governed by 18 U.S.C. § 3006A. "A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court through appeal, including ancillary matters appropriate to the proceedings." 18 U.S.C. § 3006A(c). Ancillary matters include proceedings sufficiently related to the underlying criminal case. *See United States v. Martinson*, 809 F.2d 1364, 1370 (9th Cir. 1987). In evaluating the circumstances of this case, the Court notes that Plaintiff is represented by the Federal Public Defender's Office ("FPD") in a separate suit for habeas corpus relief, Case No. 2:20-cv-0847-RFB-BNW. Plaintiff's habeas counsel's case is ancillary to this proceeding and the Court therefore finds it appropriate, under the specific circumstances of this case, to appoint counsel to represent Plaintiff.

### III.     CONCLUSION

For these reasons, Plaintiff's motion for appointment of counsel (ECF No. 16) is **GRANTED**. The Court **APPOINTS** the Federal Public Defender to represent Plaintiff in this matter. The Court **INSTRUCTS** the Clerk's Office to add the Federal Public Defender's

Office to the service list in this matter, and further, to separately serve this order on the Federal Public Defender's Office so representation may begin immediately.

**IT IS SO ORDERED.**

DATED: November 30, 2023.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE