UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Gabriel Santacruz, | Case No. 2:23-cv-00258-APG-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| Charles Daniels, et al., | |
| Defendants. | |

Before the Court is Plaintiff Gabriel Santacruz's motion for an order regarding service and responsive pleading. ECF No. 48. Defendants opposed and Plaintiff replied. ECF Nos. 50, 51.

Two issues are before the Court: (1) whether the Court should issue the same order regarding service as it did when it screened Santacruz's uncounseled first amended complaint, and (2) whether the Court should remove the Federal Public Defender's Office ("FPD's Office") as counsel for Mr. Santacruz.

**I.   RELEVANT BACKGROUND**

Mr. Santacruz embarked upon this civil lawsuit pro se. The Court screened his complaint and first amended complaint and allowed certain claims in his first amended complaint to proceed. ECF Nos. 5, 7. He requested the appointment of counsel early on, but his motion did not demonstrate an inability to articulate his claims pro se in light of the complexity of the case. In turn, the Court denied it without prejudice. ECF No. 14.

A few weeks later, Mr. Santacruz filed a new motion for the appointment of counsel. ECF No. 16. In that motion he explained in great detail the way in which schizophrenia affects his ability to litigate his claims. *Id*. He explained he hears voices and that he has active delusions. And while he tries to separate delusions from reality the illness "prevents [him] from being able to focus and understand what [he reads]." *Id*. Indeed, he explained that most of the time he is busy in his head separating delusions from reality. *Id*. He also explained that the FPD's Office had

been appointed to represent him in a habeas-corpus claim and requested they be appointed to represent him in this case. *Id*.

The Court granted his request for the appointment of counsel. It found that while some of his claims had survived screening, it did not appear Plaintiff would be able to articulate his claims pro se in light of the complexity of the legal issues involved for two reasons: "(1) medical indifference claims are by nature complex and, (2) Plaintiff asserts he suffers from schizophrenia, largely impeding his ability to concentrate." ECF No. 22. In addition, the Court noted the FPD's Office was representing him in a separate suit for habeas-corpus relief, Case No. 2:20-cv-0847-RFB-BNW, and that Plaintiff's habeas counsel's case was ancillary to this proceeding. In turn, it appointed the FPD's Office to represent him.

Since the FPD's Office has been appointed, it moved to file a second amended complaint. ECF No. 39. The Court granted the motion. ECF No. The second amended complaint involves essentially the same factual allegations contained in the first amended complaint but presents them as two separate Eighth Amendment claims (and withdraws the Fourteenth Amendment claim present in the first amended complaint). It also removes several defendants and adds new ones, while Defendant Omandac remains named as a defendant in the second amended complaint.

## II. DISCUSSION

### A. Service

As both parties acknowledge, courts in this district have a standardized order regarding service of process after it has screened a complaint pursuant to 28 U.S.C. § 1915A and determined that certain claims have been properly pled. Overwhelmingly, when these orders are entered, the plaintiff is proceeding pro se and the defendants have not made an appearance in the case. Below is one such example:

> Subject to the findings of the screening order (ECF No. 7), within twenty-one (21) days of the date of entry of this order, the Attorney General's Office shall file a notice advising the court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, but shall not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the

Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

ECF No. 14. There are hundreds of similar orders. These orders reflect what this Court *assumes* is an understanding struck between the Attorney General's Office and the courts in this district in an attempt to expedite the processing of these cases in uncounseled cases after they have been screened pursuant to 28 U.S.C. § 1915A.[1]

The Court agrees that there are efficiencies to be gained by ordering the Attorney General's Office to file the last-known addresses of defendants for whom it will not accept service.[2] This is especially true given the representations that these defendants are already being represented by the Attorney General's Office in other cases. There are also safety concerns that seem to be better addressed by such an order as the defendants' addresses are filed under seal.

But the Attorney General's Office is correct in noting that Plaintiff has not cited any rule or statute that would give this Court the authority to issue such an order. Plaintiff cites to instances in which courts in this district issued the same order when plaintiffs are represented by counsel and even after a counseled amended complaint was filed.[3] But in those cases the Attorney General's Office did not oppose the issuance of such orders or request reconsideration of them. Thus, the issue regarding the court's authority was never put squarely before any of those judges. That is not the case here.

To be sure, some courts have found there is an "obligation to assist a pro se incarcerated litigant to obtain discovery . . . so that service can be effected." *Carpio v. Luther*, No. 06-CV-0857, 2009 WL 605300, at *1 (W.D. N.Y. Mar. 9, 2009) (cleaned up) (citing *Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997)); *see also Billman v. Indiana Dep't of Corrections*, 56 F.3d 785,

---

[1] This order was already being utilized by courts in this district when the undersigned was appointed to the bench. Thus, this Court is not privy to any specific information regarding how this standardized order came about.

[2] The Court notes that the order Plaintiff seeks does not obligate the Attorney General's Office to accept service—it simply orders the filing of last-known addresses as to defendants for whom it cannot accept service. Given the opposition, the Court assumes the Attorney General's Office would not accept service for these Defendants.

[3] The Court does not find that the argument has been waived under Local Rule 7-2(d).

790 (7th Cir. 1995); *Donald v. Cook Cnty. Sheriff's Dept.*, 95 F.3d 548, 555, n.3 (7th Cir. 1996) (collecting cases), *abrogated on other grounds by Hall v. Norfolk So. Ry. Co.*, 469 F.3d 590, 597 (7th Cir. 2006). Indeed, it may be the rationale espoused by these opinions that motivated and resulted in the standard order cited above in which the Attorney General's Office aids in discovery by either accepting service or filing under seal the defendants' last-known addresses. But the rationale in those cases extends only to *uncounseled* cases. In short, in the absence of *authority* for the entry of such an order, the Court will not issue one.

### B. Appointment of the Federal Public Defender's Office

The FPD's Office was appointed to this matter on November 30, 2023. ECF No. 22. In essence, Defendants ask the Court to reconsider that order. There are several problems with this request.

First, this district's local rules explain when and in what matter such motions are to be raised. LR 59-1. Of note, "lack of diligence or timeliness may result in the denial of the motion." LR 59-1(c). Seven months have elapsed between the time the court appointed the FPD's Office and Defendants' objections to such appointment. Thus, the court denies it on that basis. Of particular note, Defendants challenge the appointment only after what is an obvious dispute regarding discovery matters (and whether discovery should be stayed). Indeed, prior to this dispute, the parties were cooperative with one another. The fact that this challenge comes at this particular time carries an impression of being influenced by past grievances and is not lost on the Court.

Even if the issue had been raised in a timely manner, it is not clear that Defendants have standing to challenge the appointment of the FPD. As Plaintiff points out, the Ninth Circuit has offered a "cautionary note" to those attempting to interfere with the appointment of counsel under the Criminal Justice Act. *United States v. Wells*, 879 F.3d 900, 912 (9th Cir. 2018). In doing so, the Ninth Circuit explained that this was a matter "exclusively within the province of the judiciary." *Id*. at 913. That is because, "[t]he Government's exclusion from the administration of the CJA is a significant contributing factor to the fairness of our system and the CJA's role in redressing the imbalance of power between an indigent defendant and the Government." *Id*. The

Court, in no uncertain terms, directed those attempting to interfere to "tend to [their] own knitting." *Id*. at 914.

### III. CONCLUSION

Plaintiff's motion (at ECF No. 48) regarding the service order is DENIED. The Court also denies Defendants' request to reconsider the appointment of the Office of the Federal Public Defender.

DATED: September 3, 2024

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE