UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Gabriel Santacruz,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>Charles Daniels, et. al.,<br><br>　　　　　Defendants. | Case No. 2:23-cv-00258-APG-BNW<br><br>**ORDER** |

Before the Court is Defendant Betty Omandac's motion to stay discovery. ECF No. 60. Plaintiff opposed the motion (ECF No. 62), and Defendant replied (ECF No. 65). Other defendants filed joinders to Omandac's motion. ECF Nos. 77 and 81. Plaintiff opposes the joinders. ECF No. 82. The parties are familiar with the arguments. As a result, the Court does not repeat them. Instead, the Court will incorporate the arguments as necessary and relevant to this order.

**I.     Procedural Background**

As relevant to this order, Plaintiff noticed the deposition of Defendant Omandac for September 5, 2024. In turn, Defendant Omandac filed a motion to stay the case, which was denied. As a result, the parties set a new date for the deposition. One week prior to the deposition, Defendants filed the instant motion seeking to stay discovery.

Defendants ask this Court to stay discovery pending a decision on their motion to dismiss Plaintiff's Second Amended Complaint. They argue good cause exists to stay discovery given the arguments raised in the motion to dismiss, which include exhaustion, statute of limitations, and qualified immunity.

Plaintiff opposes. He argues Defendants already presented this same argument when seeking a motion to stay the case and points out that motion was denied (ECF No. 58). In turn, Plaintiff argues Defendants should not be allowed to serially file the same request, especially in a

1  manner that allows them to evade the stricter standard that applies to motions for reconsideration.
2  He also argues the standard Defendants rely on for the motion to stay discovery—the "good
3  cause" standard—is incorrect and that, in any event, Defendants have not shown good cause.
4  　　　　Defendants reply that a motion to stay the case is different from a motion to stay
5  discovery given their respective reach and different standards. In addition, they argue Plaintiff has
6  consented to the granting of the motion under the local rules as he has not argued that discovery is
7  needed to decide the motion to dismiss, does not address the caselaw cited by Defendants, and
8  does not explain why qualified immunity does not constitute good cause.
9  **II.　Preliminary matters**
10 　　**A.　Joinders**
11 　　This Court only considers the arguments raised in Defendant Omandac's motion to stay
12 discovery for its determination, mooting any opposition Plaintiff has as to the joinders by the
13 remaining defendants (and the new arguments raised in those joinders).
14 　　**B.　Scheduling order**
15 　　There is an operative scheduling order in this case. ECF No. 45. It is not clear to the Court
16 what body of caselaw (or what rule(s)) Defendants rely upon for the proposition that the filing of
17 an amended complaint (and the addition of new defendants) suspends the deadlines in a
18 scheduling order.
19 　　**C.　Motion to Stay Case v. Motion to Stay Discovery**
20 　　　There is nothing in the rules precluding Defendants from filing a motion to stay discovery
21 after a motion to stay the case has been denied. These are distinct in nature and governed by
22 different standards.
23 **III.　Motion to Stay Discovery**
24 　　The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of
25 discovery because a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of*
26 *L.A.*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). A court may, however, stay discovery under Fed.
27 R. Civ. P. 26(c). The standard for staying discovery under Rule 26(c) is good cause.
28

The Ninth Circuit has not provided a rule or test that district courts must apply to determine if good cause exists to stay discovery. But it has identified one scenario in which a district court may stay discovery and one scenario in which a district court may not stay discovery. The Ninth Circuit has held that a district court may stay discovery when it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted. *See Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981). The Ninth Circuit also has held that a district court may not stay discovery when discovery is needed to litigate the dispositive motion. *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993).

Based on this Ninth Circuit law, district courts in the District of Nevada have applied the preliminary peek test to determine when discovery may be stayed. *See, e.g., Kor Media Group, LLC v. Green*, 294 F.R.D. 579 (D. Nev. 2013). The point of the preliminary peek test is to "evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of [Federal] Rule [of Civil Procedure] 1." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). This Court has found the preliminary peek test can sometimes be problematic because it can be inaccurate and inefficient. *See Schrader v. Wynn Las Vegas, LLC*, No. 2:19-CV-02159-JCM-BNW, 2021 WL 4810324, at *3 (D. Nev. Oct. 14, 2021).

This Court believes a more workable analytical framework exists for determining when motions to stay should be granted. As a result, the test this Court applies considers (1) whether the dispositive motion can be decided without further discovery, and (2) whether good cause exists to stay discovery.

Good cause may be established using the preliminary peek test, but it may also be established by other factors not related to the merits of the dispositive motion. For example, in many cases, the movant seeks a stay of discovery to prevent "undue burden or expense." *See* Fed. R. Civ. P. 26(c)(1). Accordingly, the movant must establish what undue burden or expense will result from discovery proceeding when a dispositive motion is pending. Ultimately, guided by Fed. R. Civ. P. 1, the Court is trying to determine "whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is

more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Tradebay*, 278 F.R.D. at 603.

"The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

### IV.    Analysis

At the outset, this Court notes Plaintiff does not argue that the pending dispositive motion requires discovery for its resolution.

Instead, Plaintiff argues that the standard in *Flynn v. Nevada*, 345 F.R.D 338 (D. Nev. 2024) is controlling. This Court disagrees. The only *controlling* case law (as discussed by the Ninth Circuit) has been cited above. It is true that there may be instances in which the application of the "preliminary peek test" may be a useful way to determine whether good cause exists to stay discovery. But, as explained in *Shraeder*, it is typically only in baseless cases where courts can both take a *preliminary peek* and be *convinced* that the motion to dismiss will be granted. *Shraeder,* 2021 WL 4810324, at *3.

In any event, Plaintiff fails to develop any arguments under the *Flynn* standard (the "preliminary peek test") to explain why this Court should be convinced that Defendants' motion to dismiss will be denied. Nor does Plaintiff even attempt to rebut Defendant's argument that their claim of immunity constitutes good cause to issue a stay of discovery under the test developed by this Court. As a result, the motion is granted under LR 7-2(d).

/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /

## V. Conclusion

**IT IS THEREFORE ORDERED** that Defendant's motion to stay discovery (ECF No. 60) is GRANTED.

**IT IS FURTHER ORDERED** that Defendant's motion for a protective order (ECF No. 61) is DENIED as moot.

**IT IS FURTHER ORDERED** that Plaintiff's motion to set a scheduling order (ECF No. 83) is DENIED as moot. The parties are to file a joint, proposed discovery plan and scheduling order within 14 days after the motion to dismiss is decided (if applicable).

DATED this 20th day of November 2024.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE